Case 4:25-cv-04975   Document 10   Filed on 11/12/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUNDAY UGWUOZOR, §<br>　*Plaintiff*, §<br>§<br>v. §<br>§<br>EMEKA UYAMADU, §<br>　*Defendant*. § | CIVIL ACTION NO. 4:25-cv-04975 |

## MEMORANDUM AND RECOMMENDATION

On October 21, 2025, the Court ordered Plaintiff to file an amended complaint with facts demonstrating the basis for federal question jurisdiction, giving Plaintiff until November 10, 2025, to do so.[1]  ECF 5.  Because Plaintiff has failed to file an amended complaint, the Court recommends the case be dismissed.

As the Court explained in its prior Order, "[f]ederal courts are courts of limited jurisdiction," and Plaintiff bears the burden of establishing jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal subject matter jurisdiction requires either federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction is proper when the "well-pleaded complaint raises issues of federal law."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997) (internal quotation marks and citation omitted).

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

*See* 28 U.S.C. § 1331.  The Court is required to consider jurisdiction *sua sponte*.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff's Complaint indicates a federal question as the basis of jurisdiction but contains no facts raising issues of federal law.  ECF 1 at 3.  Plaintiff did not file an amended complaint containing additional facts that would allow the Court to determine whether jurisdiction is proper.  The Court warned Plaintiff that failure to do so would result in the Magistrate Judge recommending dismissal.  ECF 5 at 2.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Complaint (ECF 1) be DISMISSED for want of jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 12, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

2